WILLIAM F. AND EVELYN C. KRAHN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krahn v. Commissioner
Docket No. 5565-78.
United States Tax Court
T.C. Memo 1980-42; 1980 Tax Ct. Memo LEXIS 544; 39 T.C.M. (CCH) 1033; T.C.M. (RIA) 80042; February 19, 1980, Filed Evelyn C. Krahn, pro se. Barbara A. Olson, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $1,116 in petitioners' Federal income taxes for the year 1975. At issue is whether petitioners have sustained a casualty loss with respect to their residence in excess of the amount they received as insurance reimbursement. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits *545 attached thereto are incorporated herein by this reference. William F. and Evelyn C. Krahn (petitioners) resided in Chicago, Illinois, at the time they filed their petition in this case. In May 1964, they purchased a brick two-flat located at 5424 South Morgan, Chicago, Illinois. Since its purchase it has been used as a residence by petitioners. In September 1975, petitioners' residence was damaged during the razing of an adjacent building. The damage to their home consisted of three broken windows, some cracked concrete steps, a broken yard fence and rear porch railings, broken roof coping and scarred brick. Petitioners contacted the insurance company for the wrecking concern which had razed the adjacent building and reached a settlement of $950 for the damages. Most, but not all, of the money received was used to repair the damage to the residence. Although their residence was covered by a homeowner's insurance policy, petitioners did not file a report or make a claim with their insurance company. Petitioners' basis in the property at the time of the casualty was in excess of $11,000. On their 1975 joint Federal income tax return the petitioners computed and claimed *546 a casualty loss as follows: Fair Market Value before casualty
$25,000
Less: Fair market Value after casualty
-20,000
Decline in Fair Market Value
5,000
Less: Insurance Recovery
- 950
Less: $100 exclusion
- 100
Casualty Loss
$ 3,950
Respondent disallowed the casualty loss on the basis that petitioners have not substantiated the before and after fair market values by competent appraisal. OPINION Section 165 [1] provides in pertinent part that: (a) GENERAL RULE.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (b) AMOUNT OF DEDUCTION.--For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. (c) LIMITATION ON LOSSES OF INDIVIDUALS.-- In the case of an individual, the deduction under subsection (a) shall be limited to-- * * *
(3) Losses of property *547 not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. * * * With respect to casualty losses, the regulations are quite detailed and extensive. See section 1.165-7, Income Tax Regs. Basically they provide that a casualty loss is allowable only in the year in which it is sustained and the amount of loss is limited to the lesser of the difference in the fair market value before and immediately after the casualty or the adjusted basis of the property. This amount must be reduced by any insurance recovered and the $100 limitation on individual losses. Section 165(c)(3); section 1.165-7(b)(3), Income Tax Regs. Determinations of fair market value before and after the casualty shall generally be made by competent appraisal. Pfalzgraf v. Commissioner, 67 T.C. 784, 787 (1977); section 1.165-7(a)(2), Income Tax Regs.Section 1.165-7(a)(2), Income Tax Regs., further provides: (2) METHOD OF VALUATION. (i) * * * This appraisal *548 must recognize the effects of any general market decline affecting undamaged as well as damaged property which may occur simultaneously with the casualty, in order that any deduction under this section shall be limited to the actual loss resulting from damage to the property. (ii) The cost of repairs to the property damaged is acceptable as evidence of the loss of value if the taxpayer shows that (a) the repairs are necessary to restore the property to its condition immediately before the casualty, (b) the amount spent for such repairs is not excessive, (c) the repairs do not care for more than the damage suffered, and (d) the value of the property after the repairs does not as a result of the repairs exceed the value of the property immediately before the casualty. Petitioners contend that the amount they received from the insurance company in settlement of the casualty did not adequately compensate them for the alleged decline in the fair market value of the residence. On the other hand, respondent maintains that since petitioners have not offered proof of the fair market value by competent appraisal, the casualty loss is limited to the amount of insurance recovery. We agree *549 with respondent. Petitioners have offered no competent appraisal of the fair market value of the residence. Without such proof they cannot prevail. Section 1.165-7(a) (2)(i), Income Tax Regs.; Rule 142, Tax Court Rules of Practice and Procedure. Accordingly, the respondent's determination disallowing the claimed casualty loss is sustained. In view of respondent's concession of another issue, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.↩